PER CURIAM:
Claimant, Randy Harris, Sr., seeks an award from the Division of Highways for property damage sustained to his vehicle in a single-vehicle accident which took place about 7:30 p.m. on March 6, 1992, on Gardner Road which is just off an exit of Interstate 77 in Mercer County.
The claimant testified that he was driving his 1991 Accura Integra, north on 1-77 towards Athens, West Virginia, when he drove off at an exit to get gasoline and to visit some friends who lived in the area. He was not familiar with the road. He was operating his automobile at approximately 40 to 50 miles per hour while traveling on Gardner Road when he came upon a curve into a fence adjacent to the road causing damages to his vehicle which included scratches, damage to the bumper, and damage to the headlight. The damages were in the amount of $1,699.26. He maintains insurance with a $500.00 deductible, but he stated that the insurance policy would have been increased by 40% for three years if he requested his insurance company to cover the damages to his automobile. The claimant then testified as to photographs showing the scene of the accident. He stated that there is a sign for traffic coming from the opposite direction which indicates a ninety degree curve in the road and a speed limit of twenty-miles per hour, but there was no sign warning of the curve int the direction from which he was traveling.
Zed B. Campbell, Jr., county maintenance supervisor for respondent in Mercer County, testified that he is familiar with the scene of the accident and that he did not know if his office was notified of any prior accidents or of the claimant’s accident. He also stated that he did not know whether or not there were any signs down at the time of claimant’s accident. He stated that a traveler could probably see the curve in the road from approximately 300 feet. He also testified that the curve in question was less than ninety degrees and that the sign warning of the ninety degree curve int the opposite direction was actually warning of a dangerous curve leading to a different road.
*210 Curtis Whitlow, maintenance crew leader for the sign shop at Princeton, testified that there currently is a sign located at the scene of the accident warning of the ninety degree curve and giving travelers a twenty mile an hour advisory. He stated that the sign was put up the day after he was formed that the sign was not there. He was not notified prior to claimant’s accident that the sign was down or that it needed to be replaced.
Finally, for the respondent, Ben Savilla, an investigator for the claims division, testified that he investigated this particular claim and that he took photographs of the area. He stated that under normal daylight conditions there is a line of sight of the curve of 800 feet. He noticed that there had been a sign in the area before, but that it was missing and he notified Mr. Whitlow that the sign was missing. He was not aware of any problems in the area until the claimant filed his claim with the Court of Claims. He also stated that the curve was not a ninety degree curve, but might be a fifty or sixty degree curve.
The Court finds that the respondent did not have any actual or constructive notice of the absence of the road sign prior to the accident and that after the respondent received notice after claimant’s accident it acted in a timely manner to replace the missing sing. The Court is of the opinion that the State is neither an insurer nor a guarantor of the safety of person traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by a defect of this sort, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977).
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.